# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Nationwide Mutual Insurance Company,                    Civil No. 07-3133 (DWF/JJG)
as subrogee of Dean and Julie Bachman,

    Plaintiff,

v.                                                      **MEMORANDUM**
              **OPINION AND ORDER**

Venmar Ventilation, Inc., a subsidiary
of Nortek, Inc.,

    Defendant and
    Third Party-Plaintiff,

v.

Von Weise USA, Inc.,
f/k/a Fasco Industries, Inc.,

    Third-Party Defendant.

---

Anthony J. Morrone, Esq., Cozen O'Connor; and Patrick H. O'Neill, Jr., Esq., and
Stephen M. Warner, Esq., O'Neill & Murphy, LLP, counsel for Nationwide Mutual
Insurance Company.

Christopher D. Newkirk, Esq., and William A. LeMire, Esq., Arthur Chapman Kettering
Smetak & Pikala, PA, counsel for Venmar Ventilation, Inc.

Andrea Kiehl, Esq., and Hal A. Schillingstad, Esq., Flynn Gaskins & Bennett, LLP,
counsel for Von Weise USA, Inc., f/k/a Fasco Industries, Inc.

---

**INTRODUCTION**

This matter is before the Court on a Motion for Summary Judgment brought by

Third-Party Defendant Von Weise USA, Inc., f/k/a Fasco Industries, Inc. ("Fasco").  For

the reasons stated below, the Court grants Fasco's motion.

**BACKGROUND**

Defendant and Third-Party Plaintiff Venmar Ventilation, Inc. ("Venmar")

manufactures indoor air quality products for residential use, including, for example,

kitchen-range hoods and air exchangers.  In the late 1980s, Venmar designed a heat

recovery ventilation unit ("HRV").  Venmar's HRV unit exchanges inside air with fresh

outside air while adding or extracting heat from the exhaust air.  Third-Party Defendant

Fasco manufactures motors.  Beginning in the 1980s, Venmar purchased motors from

Fasco to incorporate into the Venmar HRV.

On April 8, 2005, a fire occurred at the residence of Dean and Julie Bachman.  The

fire allegedly originated in a Venmar HRV located in the basement.  Nationwide Mutual

Insurance Company ("Nationwide"), as subrogee of the Bachmans, sued Venmar as the

manufacturer of the Bachmans' HRV.  Nationwide asserted claims for negligence,

products liability, breach of warranty, and res ipsa loquitur.  Venmar then brought a

third-party action asserting a claim of contribution against Fasco, who manufactured and

supplied the motor that Venmar incorporated into the Bachmans' HRV.  In its Third-Party

Complaint, Venmar alleges that if a "failure or defect in the air exchanger's motor

assembly caused the fire, it was due to the negligence, carelessness, willful indifference,

breach of warranty and/or strict liability of" Fasco.  (Doc. No. 3 at ¶ 9.)  In essence,

Venmar alleges that Fasco negligently failed to warn Venmar and its customers about

increased fire hazards in the thermal protection that Fasco used in the motors it supplied

to Venmar.

Fasco now moves for summary judgment, arguing first that Venmar's claim

against it is barred because Nationwide's claims against Venmar were untimely under the

statute of limitations,[1] and alternatively that it is entitled to summary judgment on the

merits of Venmar's claims.

## DISCUSSION

### I.    Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The Court

must view the evidence, and the inferences that may be reasonably drawn from the evidence,

in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank of Mo.*, 92

F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated, "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather

as an integral part of the Federal Rules as a whole, which are designed 'to secure the just,

speedy, and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S.

317, 327 (1986) (quoting Fed. R. Civ. P. 1).

---

[1]    After the hearing on Fasco's motion, the parties submitted additional briefing and
supporting affidavits on the issue of Fasco's statute of limitations defense.

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.    Statute of Limitations

The parties agree that a two-year statue of limitations applies to Nationwide's claims against Venmar. *See* Minn. Stat. § 541.051(a).[2] The fire giving rise to this lawsuit occurred on April 8, 2005. Therefore, the statute of limitations on Nationwide's claims against Venmar expired on April 8, 2007. Fasco argues that Venmar's claim against it is barred because Nationwide did not commence its suit against Venmar until June 1, 2007, after the statutory period expired.[3] Venmar argues that Nationwide's claim against it was not time-barred because the action was initially served in March 2007 and, even if it

---

[2]    Minn. Stat. § 541.051(a) provides in part:

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, shall be brought . . . more than two years after discovery of the injury . . . .

[3]    Under Minnesota law, a civil action is commenced for statute of limitations purposes by service of the summons upon the defendant, acknowledgement of service if served by mail, or by delivery of the summons to the sheriff. *See* Minn. R. Civ. P. 3.01.

was time-barred, Minnesota Statute section 541.051(a) does not apply to its contribution

claim against Fasco.

On March 7, 2007, Nationwide purportedly served Venmar, a Quebec corporation,

through the Minnesota Secretary of State.  (Aff. of William A. LeMire ¶ 2, Ex. S; Aff.

William A. LeMire (Second) at ¶ 2.)  The summons and complaint were dated March 6,

2007 (the "March 2007 Summons and Complaint").  Venmar's counsel objected to

service of the March 2007 Summons and Complaint and explained the basis for its

objection in a letter dated April 27, 2007:

> I understand that there may be some skepticism with respect to Venmar's
> position that they were improperly served with the summons and complaint
> in [the *Nationwide v. Venmar* case].  I am writing to articulate the legal
> basis for Venmar's position, and, to offer you the opportunity to effectuate
> service directly through me.
>
> . . .
>
> As I mentioned on the telephone, my firm has been authorized to accept
> direct service of the summons and complaint in [the *Nationwide v. Venmar*
> case] on Venmar's behalf.  If you accept this opportunity, you may serve
> the summons and complaint upon me in English subject to the
> understanding that *I will receive a new certificate of service reflecting the
> date of proper service upon Venmar. . . .  If you elect to proceed based on
> past attempts at service, Venmar will contest the sufficiency of such service.*

(Aff. of Andrea D. Kiehl ("Kiehl Aff.") ¶ 4, Ex. A (emphasis added).)  Notably,

Venmar's response came after Venmar would have been able to remove a validly served

complaint.  Nationwide's counsel responded by letter dated April 30, 2007, stating in

part:

---

I am in receipt of your April 27, 2007 letter . . . wherein you requested that we re-serve your client in [the *Nationwide v. Venmar* case]. In your letter, you indicate that you believe service on Venmar was improper because the documents were not translated into French. From our conversation today, you indicated that the reasons you are asking that we re-serve rather than allow you additional time to answer or otherwise plead, is that you are exploring where you may want to remove this case to Federal Court, but under Federal Rules, removal must be done within thirty days of service.

It is our position that Venmar was properly served . . . . That being said, I have no objection to litigating this matter in Federal Court, and should you elect to remove it to that venue, I will not object on the grounds your notice [sic] beyond the thirty day deadline.

(Kiehl Aff. ¶ 5, Ex. B.) In a letter dated May 8, 2007, counsel for Venmar reiterated its position that service was ineffective and agreed both to accept a second attempt at service and not to assert a statute of limitations defense:

[Y]ou stated your position that previous attempts at service were valid, but you would nonetheless be willing to re-attempt service of the summons and complaint with the understanding that Venmar will not challenge the sufficiency of your client's previous attempts at service of process in the context of any statute of limitations defense.

I am writing to inform you that Venmar will accept service subject to your understanding, but does not waive any defenses otherwise available to them.

(Keihl Aff. ¶ 6, Ex. C.) Venmar's counsel responded in a letter dated May 31, 2007, stating:

Pursuant to your May 8, 2007 voicemail and our conversation since that time, it is my understanding that you have agreed to accept service of the complaint and summons for [Venmar] by way of facsimile so as to restart the time for filing your responsive pleadings in the above captioned matters. I understand you are considering removing [this case] to federal court. Therefore, pursuant to our agreement and for removal purposes only, we have agreed that *the proper date of service for those matters will be May 31, 2007.*

6

(Kiehl Aff. ¶ 7, Ex. D (emphasis added).)

On June 1, 2007, and pursuant to its agreement with Venmar, Nationwide served a new summons and complaint (the "June 2007 Summons and Complaint") on Venmar with a new certificate of service.  On June 22, 2007, Venmar filed a Notice of Removal. In its Notice of Removal, Venmar represented the following:

> *On June 1, 2007, a Summons and Complaint was served on Defendant*.  In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal is filed within thirty (30) days after the service of the Complaint upon Defendant.
>
> Pursuant to the provisions of 28 U.S.C. § 1446, Defendant attaches herewith the Summons and Complaint that Nationwide Mutual Insurance Company served upon Defendant.  These attachments represent all process, pleadings and orders served upon Defendant.

(Doc. No. 1 ¶¶ 3, 4 (emphasis added).)  The June 2007 Summons and Complaint was attached to the Notice of Removal.  On June 28, 2007, Venmar filed an Answer and a Third-Party Complaint against Fasco.  On July 16, 2007, Fasco answered Venmar's Third-Party Complaint and preserved its statute of limitations defense.

In order to determine whether Venmar's claims against Fasco are time-barred, the Court must first determine the date of service of Nationwide's claims against Venmar. Venmar presently asserts that Nationwide's March 2007 attempt at service was legally valid.  However, the record establishes that when Nationwide originally attempted service in March 2007, Venmar maintained that service was invalid.  Venmar persisted in its position that the March 2007 service was invalid and ultimately negotiated an agreement with Nationwide, whereby Nationwide agreed to re-attempt service of its summons and

complaint with a new operative date so long as Venmar agreed not to assert a statute of limitations defense.  Pursuant to that agreement, Nationwide served the June 2007 Summons and Complaint.  The record plainly establishes that both Nationwide and Venmar agreed that June 1, 2007, was the proper and operative date of service and that Venmar and Nationwide never agreed that the March 2007 service was valid.  In fact, Venmar subsequently treated June 1, 2007, as the proper date of service and used the June 2007 date to support its Notice of Removal to this Court.  (Doc. No. 1.)  It was not until Venmar filed its opposition to the present motion that Venmar altered its position and claimed that the March 2007 service was valid after all.  Despite this change in position, Venmar cannot escape the fact that Nationwide re-served its summons and complaint, at Venmar's prompting, so as to establish June 1, 2007, as the operative date of service.  The record demonstrates that the June 1, 2007, is the proper and valid date of service of the present action.

The parties do not dispute that Nationwide's June 2007 service occurred outside the two-year statute of limitations that applies to Nationwide's action against Venmar. *See* Minn. Stat. § 541.051(a).  Venmar did not assert a statute of limitations defense against Nationwide.  It appears from the correspondence between counsel for Venmar and Nationwide that Venmar actually waived this defense in return for Nationwide's agreement to abandon its first attempt at service and to re-serve the summons and complaint with an entirely new service date so as to allow for the timely removal of this action to Federal Court.  Fasco asserts that even though Venmar did not assert, or chose to

8

waive, its statute of limitations defense against Nationwide, Fasco did not waive and is still entitled to assert the defense now.

A third-party defendant may assert any defense that the third-party plaintiff has to plaintiff's claims.  Fed. R. Civ. P. 14(a)(2)(C); *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 4 F.3d 614, 619 (8th Cir. 1993).  *See also Lindner v. Meadow Gold Dairies, Inc.*, 515 F. Supp. 2d 1141, 1148 (D. Hawaii 2007) (holding that a third-party defendant may properly move for summary judgment on the grounds that the plaintiff's claims against the defendant/third-party plaintiff are barred by the statute of limitations).  This rule protects a third-party defendant, who cannot relitigate the issue of the defendant/third-party plaintiff's liability to the original plaintiff, against prejudice that might result from the defendant/third-party plaintiff's failure to assert a particular defense against the original plaintiff or against possible collusion between the plaintiff and defendant/third-party plaintiff.  *See Kansas Pub. Employees Ret. Sys.*, 4 F. 3d at 620; *Linder*, 515 F. Supp. 2d at 1148-49.

Because Fasco is a third-party defendant in this action, the Court concludes that Fasco is entitled to assert any defense that Venmar had to Nationwide's claims.  This includes a statute of limitations defense to Nationwide's original claim against Venmar.  Because Nationwide's June 1, 2007, service occurred after the statute of limitations expired, its claim was untimely.  That Venmar waived its right to assert a statute of limitations defense does not strip Fasco of its right to do so now.

Venmar claims that even if Nationwide's claim against it was time-barred,

Venmar's contribution claim against Fasco is governed by the statutory period provided

under Minnesota Statute section 541.051(b), which provides:

> Notwithstanding paragraph (a), an action for contribution or indemnity arising out of the defective and unsafe condition of an improvement to real property may be brought no later than two years after the cause of action for contribution or indemnity has accrued, regardless of whether it accrued before or after the ten-year period referenced in paragraph (a).

Minn. Stat. § 541.051(b). The Court does not disagree that Venmar's contribution claim

is governed by Minnesota Statute section 541.051(b). However, the timeliness of

Venmar's contribution claim against Fasco is not at issue here. Fasco raises the entirely

separate legal issue of whether Nationwide's original action was timely and, if not,

whether Fasco can presently assert a statute of limitations defense to the original action

that Nationwide chose (for whatever reason) not to pursue. As discussed above,

Nationwide's original action was untimely. In addition, as a third-party defendant, Fasco

is entitled to raise any defense that was available to Venmar. Thus, Fasco can now assert

a statute of limitations defense as to the original action, regardless of whether Venmar's

contribution claim is timely under Minnesota Statute section 541.051(b). In other words,

the fact that a claim for contribution may be timely asserted under Minnesota Statute

section 541.051(b) does not prohibit a third-party defendant from asserting that the

original action between the plaintiff and defendant/third-party plaintiff was untimely. To

hold otherwise would allow a defendant/third-party plaintiff to waive defenses on behalf

of a third-party defendant. Because Fasco has demonstrated that Nationwide's claim

against Venmar was time-barred, Fasco is now entitled to summary judgment.

10

**CONCLUSION**

Based on the files, records, and proceedings herein, and for the reasons set forth

above, **IT IS HEREBY ORDERED** that:

      1.      Fasco's Motion for Summary Judgment (Doc. No. 35) is **GRANTED.**

      2.      Venmar's Third-Party Complaint (Doc. No. 3) is **DISMISSED WITH**

**PREJUDICE**.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 4, 2008           s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court